To non-subscribers to the Abstract $1.50 each. (Fourth not issued separately).

1927 Annual Digest, (Issued in December), No. 50 of Abstract, Free to all paid-up Abstract, 1927 Subscribers.

To non-subscribers to the Abstract, net $3.50.

### THE LAW ABSTRACT COMPANY
Office, Editorial Rooms and Library, 13916 Euclid Ave. Cleveland, O.

### STAFF
Jay F. Laning.......................Business Director
Sheldon R. Laning...................Editorial Director
Sam H. Torrey....................Circulation Manager

## YOU CAN'T PUT

The Abstract under your pillow at night, and dream out its contents.

Neither can you pigeon-hole or shelve it, and rely upon its telling you the decisions, phonograph like.

No. 821

## CLEVE. C. C. & ST. L. RY. CO. v. HOSLER

Ohio Appeals, 9th Dist., Lorain Co.

No. 426.   Decided Oct. 20, 1927.

First Publication of this Opinion.

### SYLLABUS BY THE COURT

829. NEGLIGENCE.—991. Railroads.—118. Automobiles.—Where a railroad company, on its right of way, places cars and maintains buildings which obstruct the view of travelers approaching a street crossing of such railroad in a village, and the railroad company maintains a watchman at such crossing, and, when a train is approaching such crossing, said watchman beckons a traveler in an automobile on said street to cross said railroad, such traveler has right to assume, in the absence of knowledge to the contrary, that such watchman is properly discharging his duty, and is bound to exercise only such care as persons of ordinary prudence are accustomed to exercise under such circumstances, and his failure to look and listen as he approaches said crossing is not negligence as a matter of law.

Error to Common Pleas.
Judgment affirmed.

H. C. Johnson, Elyria, for Railway Co.

Robert L. Carr, Cleveland, for Hosler.

### STATEMENT OF FACTS.

The parties stand in this court in the reverse order of that in the court below, but for convenience, they will be referred to, in this opinion, as plaintiff and defendant as they were in the trial court.

The plaintiff brought an action for damages for personal injuries which he sustained when a Ford coupe which he was driving collided with one of defendant's passenger trains. The defendant denied any liability, and the case went to trial to the court and jury. A verdict and judgment were returned for the plaintiff.

At the point where the accident occurred, the street and the tracks of defendant intersect at grade. On the morning in question, the plaintiff was driving his coupe and traveling at the rate of twenty miles an hour. As he approached the crossing he saw the defendant's watchman, with a lighted lantern, and it is his contention that, as he approached the crossing, he slowed down to less than ten miles an hour, that the defendant's watchman signalled him to come on, and that, relying upon this signal, he went upon the crossing and, after he reached it, he looked to the north and south and listened, and, not seeing or hearing any approaching train, increased the speed of his car to more than ten miles an hour, and then drove into the place of danger where the collision occurred. He also claims that the train which struck him was running at a rate of approximately seventy miles an hour.

About 370 feet north of the crossing the passenger depot of defendant is located and immediately west of one of defendant's switch track there is a freight depot. The evidence of the plaintiff tends to prove that, as he drove easterly, he could not see an approaching train

(Continued on page 752)

# THE OMNIBUS INDEX
### To Ohio Case Law
## Always Appears in This Column
## A COMPLETE TABLE
### Cross Referenced to
### The Official State Publications
## WATCH THIS COLUMN
## And Learn the Final Disposition of All Cases In Which You Are Interested.

Advance-Rumely Thresher Co. v. Wirth et. OA. 5 Abs. 739.

Bank of Italy v. Colla et. Dock. 5 Abs. 749; No. 20806.

Beierla et v. Hockenedel. OA. 5 Abs. 327; 24 Oh. Ap. 488★.

Board of Elect. v. Henry. OA. 5 Abs. 544; dock. 5 Abs. 490; No. 20650; mo. cer. ov. 5 Abs. 717; 24 Oh. Ap. 481★.

Bruner Agency Co. et v. Simth. (See reverse). OA. 5 Abs. 182; 24 Oh. Ap. 505★.

Central Acct. Corp. v. Haneiser. Dock. 5 Abs. 749; No. 20801.

C. C. C. & St. L. Ry. Co. v. Hosler. OA. 5 Abs. 751.

Columbus (City) v. Carson. OA. 5 Abs. 740; 23 Oh. Ap. 115★.

Columbus Ry. P. & L. Co. v. Schroeder. Dock. 5 Abs. 749; No. 20804.

Continental Life Ins. Co. v. Meese. Dock. 5 Abs. 749; No. 20802.

Dayton L. & P. Co. v. Shade et. OA. 5 Abs. 746; dock. 5 Abs. 604; No. 20746.

Dime Sav. Bk. v. Morton. OA. 5 Abs. 412; 24 Oh. Ap. 493★.

East Cleveland (City) v. Board of Ed. OA. 5 Abs. 266; 24 Oh. Ap. 449★.

Erie Rd. Co. v. Argeris. Dock. 5 Abs. 749; No. 20800.

Euphart v. Kingsley. OA. 5 Abs. 748.

Follmer v. Shai. OA. 5 Abs. 743.

Gath v. Travelers Ins. Co. (See reverse). OA. 5 Abs. 570.

Hill v. Graves. OA. 5 Abs. 744.

Gliebe v. Kraker. Dock. 5 Abs. 506; No. 20667; mo. cer. ov. 5 Abs. 749.

Kelsey v. State. OA. 5 Abs. 535; dock. 5 Abs. 556; No. 20724; mo. cer. ov. 5 Abs. 749.

Koelliker v. Willard. OA. 5 Abs. 744; OS.P. 4 Abs. 488.

Krakoff v. Krakoff. Dock. 5 Abs. 749; No. 20808.

Kreiger v. Doylestown (Vil.). OA. 5 Abs. 355; 24 Oh. Ap. 458★.

Kucera v. Grigsby. OA. 5 Abs. 164; 24 Oh. Ap. 478★.

Lee Lash Co. v. Toledo Trans. Co. OA. 5 Abs. 104; 24 Oh. Ap. 476★.

Link v. State. Dock. 5 Abs. 749; No. 20807.

Low etc. v. McGinn. OA. 5 Abs. 739.

Lupo et v. Reisner. OA. 5 Abs. 650; dock. 5 Abs. 491; No. 20652; mo. cer. ov. 5 Abs. 749.

McKay v. State. Dock. 5 Abs. 506; No. 20683; mo. cer.

Mitchell v. Dayton (City). OA. 5 Abs. 748. ov. 5 Abs. 749.

North Brit. Ins. Co. v. Garber. OA. 5 Abs. 746; dock. 5 Abs. 656; No. 20758.

Peerless Elect. Co. et v. Marshall et. Dock. 5 Abs. 749; No. 20805.

Radford et v. Kachman. OA. 5 Abs. 742.

Rinehart, Admr. v. Wellston Iron Furn. Co. OA. 5 Abs. 741.

Rudner v. State. OA. 5 Abs. 740.

Smith v. Bruner-Goodhue et. (See reverse). OA. 5 Abs. 182; dock. 5 Abs. 249; No. 20438; mo. cer. ov. 5 Abs. 316.

Snyder v. Euclid-105th Prop. Co. OA. 5 Abs. 502, also 742.

Stern v. Columbus Nat. Bank. OA. 5 Abs. 745.

State ex Bredwell et v. Hershner et. Dock. 5 Abs. 506; No. 20665; mo. cer. al. 5 Abs. 749.

State ex Pozzi v. Indust. Com. Dock. 5 Abs. 153; dem. ov. 5 Abs. 315; writ den. and pet. dis. at csts. of rel. 5 Abs. 749; 116 OS. 376★.

Swing v. Swing. OA. 4 Abs. 283; 24 Oh. Ap. 514★.

Tax. Com. v. Paxson. Dock. 5 Abs. 506; No. 20672; mo. cer. al. 5 Abs. 749.

Travelers Ins. Co. v. Gath. (See reverse). Dock. 5 Abs. 540; mo. cer. al. 5 Abs. 749.

Vardalides v. State. OA. 5 Abs. 747.

Wilson v. State. OA. 5 Abs. 748; dock. 5 Abs. 522; No. 20690.

Youngstown & Sub. Ry. Co. v. Faulk. Dock. 5 Abs. 749; No. 20803.

★These cases will appear in the official volumes, as above noted, with slight variations in the paging.

(Continued from page 751)
from the north, until "right up" to the west bound main track, the track upon which the train was approaching.

The following is taken verbatim from the opinion.

### OPINION OF COURT.
PARDEE, J.

Defendant's counsel claims, in his brief and oral argument, that the evidence shows that the plaintiff was guilty of contributory negligence as a matter of law, and that the trial judge ought to have directed a verdict for the defendant, upon that ground.

At the conclusion of the plaintiff's case, the defendant made a motion to take the case from the jury. The motion was overruled, the overruling of which is one of the grounds of error about which complaint is made.

The motion admitted, for the purposes of the motion, all the facts and inferences to be drawn therefrom, which the evidence, in any way, tended to prove, most favorable to the plaintiff; this, then, established that the watchman invited the plaintiff to cross, at the time and under the circumstances as claimed by the plaintiff; that the plaintiff looked and listened at the time and place as testified to by him; that he could not see to the north, when upon said crossing, until he was right up to the west bound main track, and that he was driving at the rate of approximately ten miles an hour and the train was going at the rate of 70 miles an hour. Therefore, under these admitted facts, neither the trial court nor this court could or can properly say, upon said motion, that the plaintiff was guilty of negligence as a matter of law.

If the plaintiff went upon the track, as claimed by him, upon the affirmative invitation of defendant's agent, the degree of care required of him would be greatly different than required if he went upon the track without such invitation. It is a matter of common knowledge that it frequently happens that watchmen at railroad crossings signal pedestrians and others to proceed, and that great reliance is placed upon such signal. This, then, relieves the person of that degree of care which would be required if such signal had not been given.

From a careful examination of the record, we do not find any error therein, prejudicial to the plaintiff in error. Judgment will therefore be affirmed.

(Washburn, PJ., and Funk, J., concur.)